Gustavo **MARTINEZ–GARCIA;**
**Minerva Zavala Chavez,**
**Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

No. 05–70196.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gustavo Martinez–Garcia, Sacramento, CA, pro se.

Minerva Zavala Chavez, Sacramento, CA, pro se.

Victor M. Lawrence, Esquire, OIL, Stacy Stiffel Paddack, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Gustavo Martinez–Garcia and Minerva Zavala Chavez, married natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' orders summarily affirming an immigration judge's ("IJ") decisions denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the IJ's physical presence determination, *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006), and review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Zavala Chavez did not establish the requisite hardship for cancellation of removal. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

■ Zavala Chavez's contention that the IJ violated due process by misapplying the law to the facts of her case does not state a colorable due process claim. *Id.*

Contrary to Zavala Chavez's contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir.2003).

■ Substantial evidence supports the IJ's determination that Martinez–Garcia knowingly and voluntarily consented to voluntary departure in lieu of being placed in deportation proceedings on two separate occasions in 1992, thereby interrupting his accrual of continuous physical presence in the United States. *See Gutierrez v. Mukasey,* 521 F.3d 1114, 1117–18 (9th Cir. 2008).

We are not persuaded that petitioners' removal would result in the deprivation of their children's rights. *See Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir.2005).

Petitioners' contention that the IJ failed adequately to explain his reasons for denying their cancellation applications is not supported by the record.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.